**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

REYBOLD VENTURE GROUP,    )
XVI, LLC,    )
   )
       Plaintiff,    )    C.A. No.: N23C-12-049 FJJ
   )
       v.    )
   )
TESLA INDUSTRIES, INC.,    )
   )
   )
       Defendant.    )

Submitted: May 9, 2025
Decided: June 5, 2025

**ORDER**
*On Defendant's Motion to Preclude Jeff Shahan's Testimony*

Having considered Defendant's motion to exclude the report and testimony of plaintiff's expert Jeff Shahan and Plaintiff's response to the motion it appears to the Court that:

1. In this case, Plaintiff seeks damages from Defendant due to Defendant's breach of a commercial lease involving property at Suite 106-108 at 6 Bellecore Drive, New Castle, Delaware. One of the issues between the parties is whether Plaintiff took reasonable steps to relet the property after Defendant breached the lease and was removed from the property. In support of its claim that it acted reasonably to relet, Plaintiff has produced an expert report from Jeff Shahan who Plaintiff

1

posits is an expert real estate broker who can provide testimony regarding the reasonableness of Plaintiff's action in reletting the property.

2. Defendant has moved to exclude Shahan. Defendant asserts that this Court must exclude Shahan for the following reasons: 1) Shahan's report is inadmissible because it is undated and therefore unreliable; 2) Shahan's report is inadmissible because it is not addressed to anyone and is, therefore, unreliable; 3) Shahan's report is inadmissible because it is unsigned and is, therefore, unreliable; 4) Shahan's report is inadmissible because it is a draft version; and 5) Shahan's report is inadmissible because it is based on facts that are not in evidence and is, therefore, unreliable and irrelevant.

3. Delaware Rule of Evidence 702 governs the admissibility of expert testimony. Delaware has adopted the holdings in *Daubert v. Merrell Dow Pharmaceuticals Inc.*[1] and *Kumho Tire Co., Ltd. v. Carmichael*[2] to interpret the Delaware Rule.[3] In *Daubert* and *Kumho*, the United States Supreme Court interpreted and explained Federal Rule of Evidence 702, which is "substantially similar" to the Delaware Rule.[4] Delaware Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized

[1] 509 U.S. 579 (1993).
[2] 526 U.S. 137 (1993).
[3] *Bowen v. E.I. DuPont de Nemours & Co., Inc.*, 906 A.2d 787, 794 (Del. 2006) (citing *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 522 (Del. 1999)).
[4] *Smack-Dixon v. Walmart Inc.*, 2021 WL 3012056 (Del. Super. Ct. Jul. 16, 2021) (citing *Bowen*, 906 A.2d at 794).

knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the witness has applied the principles and methods reliably to the facts of the case.[5]

To be admissible, expert testimony must be "relevant and reliable."[6] To make this determination, the trial judge engages in a five-step analysis.[7] This analysis provides that the trial judge finds that:

(1) the witness is qualified as an expert by knowledge, skill, experience, training, or education;
(2) the evidence is relevant;
(3) the expert's opinion is based on information reasonably relied upon by experts in the particular field;
(4) the expert testimony will assist the trier of fact to understand the evidence or to determine a fact in issue; and
(5) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[8]

The burden of establishing that the expert testimony is admissible lies with its proponent by a preponderance of the evidence.[9] "A strong preference exists" for admitting expert opinions "when they will assist the trier of fact in understanding the relevant facts or the evidence."[10]

---

[5] D.R.E. 702; *see also Smack-Dixon*, 2021 WL 3012056 (Del. Super. 2021).
[6] *Daubert*, 508 U.S. at 597.
[7] *Smack-Dixon*, 2021 WL 3012056 at *2 (citing *Bowen*, 906 A.2d at 795)).
[8] *Id.*
[9] *Id.*
[10] *Smack-Dixon*, 2021 WL 3012056 at * 2 (quoting *Delaware ex. Rel. French v. Card Compliant, LLC,* 2018 WL 4151288, *2 (Del. Super. Ct. Aug. 29, 2018) (quoting *Norman v. All About Women, P.A.*, 193 A.2d 726, 730 (Del. 2018)).

4. Defendant may very well be correct that the report is inadmissible, but Defendant's reasoning is incorrect. The report is hearsay. But this does not answer the questions as to whether Shahan can testify to the contents of his Report. The Court finds that:

   (1) Shahan is qualified by experience and training to render the opinions he has rendered; (there has been no objection to Shahan's qualifications)
   (2) Shahan's testimony is relevant to the issues to be tried between the parties;
   (3) The opinion is based on information reasonable relied upon by experts in this field;
   (4) Shahan's testimony will assist the trier of fact to understand the evidence or to determine a fact at issue; and
   (5) Shahan's testimony will not create unfair prejudice or confuse or mislead the jury.

5. The arguments raised by the Defendant go not to the admissibility of Shahan's opinion but to its weight. In exercising its gate keeping function under Daubert the Court is satisfied that Shahan should be permitted to testify. Defendant's argument that the report is inadmissible because it is not based on facts in evidence is not consistent with the facts advanced by Plaintiff in pretrial proceedings. The Court will entertain objections to Shahan's testimony at trial if it turns out that is opinions are not based on the facts as developed. For now Defendant's Motion to Preclude Shahan's testimony is **DENIED**.

**IT IS SO ORDERED.**

/s/ Francis J. Jones, Jr.
Francis J. Jones, Jr., Judge

cc:    *File&ServeXpress*
       Jeffrey M. Weiner, Esq.
       Joseph J. Bellew, Esq.